IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JANI-KING, ET AL. | * | |
| v. | * | CIVIL ACTION NO. CCB-09-3152 |
| MANPOWER, INC. | * | |
| | *** | |

**MEMORANDUM**

Now pending is a motion to dismiss all claims but breach of contract (Count IV). This case was filed by plaintiffs Jani-King and its owner Anthony Doyle against defendant Manpower, Inc., on September 29, 2009, and was removed from the Circuit Court for Baltimore County on November 24, 2009. The motion has been fully briefed and no oral argument is necessary.[1] The motion will be granted as explained below.

According to the complaint, Jani-King entered into an "outsource" contract with Manpower on July 4, 2006, under which Manpower agreed to provide staffing personnel to Jani-King at an hourly rate of $18.09 so Jani-King could perform janitorial services for its clients. On November 25, 2006, Manpower ceased providing staffing, because Jani-King refused to pay an increased price of $36.17 per hour. This caused a loss of clients to Jani-King and emotional distress to Anthony Doyle. The lawsuit claims almost $2 million in compensatory damages and almost $6 million in punitive damages based on claims for interference with contract (Count 1); interference with economic relationship (Count II); fraud (Count III); breach of contract (Count IV); intentional infliction of emotional distress (Count V); and negligence (Count VI).

---
1 Plaintiffs' counsel recently was permitted to withdraw, but the motion had been briefed prior to that time.

1

From a review of the complaint, the motion, and the plaintiffs' response, it appears the defendant's motion is well-founded. The plaintiffs' attempt to convert a breach of contract claim into a multitude of tort claims does not survive the plausibility standard set by the Supreme Court in *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949 (2009) (explaining that the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully"). No motivation is alleged for Manpower to interfere with the contracts or business relationships of Jani-King, a customer rather than a competitor of Manpower. Fraud is not pled with specificity as required by Fed. R. Civ. P. 9(b), and Mr. Doyle's individual claim for intentional infliction of emotional distress does not meet the demanding standard set by Maryland law. *See, e.g., Manikhi v. Mass Transit Admin.*, 758 A.2d 95, 114-15 (Md. 2000) (discussing the high burden for proving severe emotional distress).

Undoubtedly a sudden doubling of an hourly rate for staffing personnel, as alleged, could cause a severe strain on a service business such as Jani-King. If Manpower in fact breached a contractual agreement to continue to provide staffing at $18.09 per hour (the contract was not attached to the complaint and has not otherwise been provided by the plaintiffs), the plaintiffs may well have a remedy under contract law. As to the other claims, however, Manpower is entitled to dismissal.

A separate Order follows.

   June 15, 2010                                                                 /s/
Date                                                                              Catherine C. Blake
                                                                                 United States District Judge